UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-04012-AB-PVC | Date: | August 30, 2024 |
|---|---|---|---|

| Title: | *Robert Reed v. Thor Industries, Inc. et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING MOTION TO REMAND [Dkt. No. 16]

Before the Court is Plaintiff Robert Reed's ("Plaintiff") Motion for Remand to State Court ("Motion," Dkt. No. 16). Defendants Cummins, Inc. and Thor Industries, Inc. (collectively, "Defendants") filed an Opposition (Dkt. No. 29) and Plaintiff filed a Reply (Dkt. No. 31). For the following reasons, the Motion is **GRANTED**.

I.     BACKGROUND

On April 2, 2024, Plaintiff filed a Complaint in Los Angeles County Superior Court, alleging breach of implied warranty of merchantability and breach of express warranty under the Song-Beverly Consumer Warranty Act arising out of alleged defects in a 2021 Tiffin Allergo Bus ("motorhome") that Plaintiff purchased in 2021. *See* Compl. (Dkt. No. 1-1) ¶¶ 1–2, 6.

On May 13, 2024, Defendants removed the case to this court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441(B), and 1446. Notice of Removal ("NOR," Dkt. No. 1). Plaintiff now moves to remand the case, arguing that Defendants have not established either complete diversity or the amount in controversy.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and thus have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id.* at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id.* at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.").

For an action based on diversity of citizenship, as here, the parties must be citizens of different states and the dispute must involve an amount in controversy over $75,000.00. 28 U.S.C. § 1332(a)(1). While "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' . . . '[e]vidence establishing the amount is required'" when "defendant's assertion of the amount in controversy is contested by plaintiffs." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). The defendant must establish the amount in controversy by a preponderance of the evidence. *See Dart*, 135 S. Ct. at 553–54.

## III.  DISCUSSION

### A. Plaintiff Has Not Waived Right to Seek Remand

Defendants argue that Plaintiff has waived the right to seek remand by filing an amended complaint in this court, which they contend constitutes consent to this court's jurisdiction. Opp'n at 3–4. "To waive the right to challenge procedural removal defects and/or consent to a federal court's assumption of removal jurisdiction, the plaintiff must have engaged in 'affirmative conduct' or indicated 'unequivocal assent' to federal jurisdiction, such that it would be 'offensive to fundamental principles of fairness to remand.'" *Hunsicker v. Home Depot U.S.A., Inc.*, No. CV 20-6382 PSG (EX), 2020 WL 6158243, at *3 (C.D. Cal. Oct. 21, 2020) (citing *Transport Indem. Co. v. Fin. Tr. Co.*, 339 F. Supp. 405, 408 (C.D. Cal. 1972)).

As Defendants point out, Plaintiff's filing of an amended complaint may constitute affirmative conduct or unequivocal assent to federal jurisdiction. *See id.*; *Alarcon v. Shim Inc.*, No C 07-02894 SI, 2007 WL 2701930, at *2 (N.D. Cal. Sept. 13, 2007) ("Courts have found plaintiffs waived their right to challenge procedural defects in removal where plaintiffs filed an amended complaint ...."). "However, the Court finds that, despite Plaintiff's filing of the amended complaint, it is not 'offensive to fundamental principles of fairness to remand' this case." *Hunsicker*, 2020 WL 6158243, at *4 (citing *Transport Indem. Co.*, 339 F. Supp. at 408).

Plaintiff filed a motion to remand and an amended complaint on the same day—June 3, 2024. (Dkt. Nos. 16-17.) "As such, Plaintiff did not engage in extensive post-removal conduct or seek to remand after unsuccessfully litigating issues in federal court." *Hunsicker*, 2020 WL 6158243, at *4; *see also Transport Indem. Co.*, 339 F. Supp. at 408 (noting the unfairness of remand where a party unsuccessfully litigates a "substantial issue" in federal court, "such as the right to a jury trial or the right to take depositions") (cleaned up); *Alarcon*, 2007 WL 2701930, at *2 (explaining that courts have found waiver where the plaintiff "made multiple appearances in federal court[ ] or participated in discovery"). Accordingly, Plaintiff did not engage in affirmative conduct or unequivocally assent to federal jurisdiction such that it would be "offensive to fundamental principles of fairness to remand" this case. *See Transport Indem. Co.*, 339 F. Supp. at 408.

### B. Complete Diversity Is Satisfied

The Notice of Removal alleges that complete diversity exists because the parties are citizens of different states. *See* NOR ¶¶ 13–15. Defendants allege that Plaintiff is a "citizen of California residing in Orange County, California" based on "residential information provided in a Confidential Settlement Agreement and Release between Plaintiff and Cummins, executed by Plaintiff on March 9, 2023." *Id.* ¶ 14. Plaintiff argues that Defendants' allegation based on "mere residence" is insufficient to establish Plaintiff's citizenship. *See* Mot. at 9–10.

"Although the citizenship of a natural person is 'determined by her state of domicile, not her state of residence,' 'it is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence.' " *Allen v. Lowes Companies, Inc.*, 2:23-cv-01336-AB-AFM, 2023 WL 5321154, at 2 (C.D. Cal. Aug. 18, 2023) (internal citations omitted). Here, the Complaint does not contain any allegations to ascertain Plaintiff's citizenship, and it is undisputed that Defendants are not citizens of California. While Plaintiff claims that Defendants have not established that Plaintiff is a citizen of California, Plaintiff does not refute Defendants' claim that he is citizen of California based on the address he provided in the Agreement and Release between the parties, nor does Plaintiff present any evidence showing that he is not domiciled in California or that he is a citizen of another state. *See Aminiasl v. Volkswagen Grp. of Am.., Inc.*, No. CV231186MWFAFMX, 2023 WL 3005003, at *3 (C.D. Cal. Apr. 19, 2023). Therefore, the Court finds that Defendants have made a sufficient showing that Plaintiff is a citizen of California, and that complete diversity exists. *See* NOR ¶ 15.

### C. Defendants Have Failed to Establish the Amount in Controversy

The amount in controversy is not clear from the face of the Complaint. *See generally* Compl. Plaintiff seeks actual and consequential damages, a two-times civil penalty, and attorneys' fees and costs. While Plaintiff's Complaint alleges that the amount in controversy exceeds $35,000, nothing in the Complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. *See* Compl. ¶ 14. Therefore, Defendants must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### i. Actual Damages

Under the Song-Beverly Act, a plaintiff's actual damages are "equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)–(C)." This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,0000. *See id.* § 1793.2(d)(2)(C).

Defendants allege that the "MSRP or 'list price' of a new 2021 Tiffin Allegro Bus is approximately $490,000." NOR ¶ 23. Defendants contend that "[s]ince the MSRP or 'list price' of the [motorhome] … exceeds the jurisdictional amount, and since Plaintiff's alleged damages against Defendants include not only a full refund or replacement of the [motorhome], but also civil penalties up to two times Plaintiff's actual damages, statutory damages, and attorneys' fees, it is "more likely than not" that the amount at issue exceeds the $75,000 amount in controversy requirement for the purpose of diversity." *See id.* ¶ 24. However, Defendants' Notice of Removal does not allege the actual price paid by Plaintiff. *See generally* NOR. "[M]erely providing the retail price of the vehicle at issue without providing information on the actual sales price leaves 'considerable doubt as to the amount in controversy.'" *Steeg v. Ford Motor Co.*, No. 19-CV-05833-LHK, 2020 WL 2121508, at *4 (N.D. Cal. May 5, 2020); *see also Chajon v. Ford Motor Company*, No. 218CV10533RGKRAOX, 2019 WL 994019, at *1-2 (C.D. Cal. Jan. 8, 2019) (remanding action where Defendants offered only MSRP). Defendants do not offer "any facts that would allow the Court to determine the amount of actual damages Plaintiff seeks to recover." *Edwards v. Ford Motor Co.*, No. CV1605852BROPLAX, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016). Defendants did not submit the Sales Contract nor provide any evidence showing the price of the motorhome or establishing the amount Plaintiff actually paid for the motorhome. Without more, the MSRP or "list price" alleged is insufficient to support removal. Therefore, the Court finds that Defendants have failed to establish the likelihood that Plaintiff may recover any amount of actual damages by a preponderance of the evidence. *See id.*

Additionally, Defendants point to Plaintiff's opposition to their pending Motion to Dismiss, wherein Plaintiff states that he bought the motorhome in January 2021 "for over $467,000." (Dkt. No. 28 at 5.) However, the Court cannot consider post-removal pleadings when assessing removability. *See Williams v.*

*Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (The Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, *because the propriety of removal is determined solely on the basis of the pleadings filed in state court*.") (emphasis added). Moreover, even if the Court did consider this statement, it is still unclear what Plaintiff actually paid for the motorhome when he purchased it.

### ii. Civil Penalty

A plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages if a defendant's violations were willful. Cal. Civ. Code § 1794(c). "If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain." *Chavez v. FCA US LLC*, No. CV 19-06003-ODW-GJSX, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020). Because Defendants have failed to establish actual damages, the Court is unable to determine the total civil penalty that might be imposed. *See id.*; *Mullin v. FCA US, LLC*, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020); *Edwards*, 2016 WL 6583585, at *4.

### iii. Attorneys' Fees

The Notice of Removal merely states that it is "more likely than not" that attorneys' fees will help reach the amount in controversy. *See* NOR ¶ 24. Defendants argue that "Plaintiff's request for attorneys' fees further increases the amount in controversy" and that "[t]he relevant measure of attorneys' fees is for the entire foreseeable course of litigation." *See* Opp'n at 7–8. But Defendants provide no estimate of the attorneys' fees that have or will accrue in this case. Defendants fail to offer any evidence demonstrating that the attorneys' fees in this case are more likely than not to bring the amount in controversy above the jurisdictional threshold. Accordingly, the Court rejects Defendants' attempt to include attorneys' fees in the amount in controversy. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

In sum, the Court is not persuaded that Defendants have met their burden to establish that the amount in controversy exceeds $75,000.

### D. Comity

Lastly, Plaintiff argues that "comity principles" weigh heavily in favor of remand because state court is "the more appropriate venue" for Plaintiff's state law

claims and Plaintiff's express and implied warranty claims under the Song-Beverly Act "require[] consideration of numerous state-specific issues on sensitive, uniquely state-law issues of regulation and statutory interpretation." Mot. at 5–6. Plaintiff claims that "[e]xercising federal jurisdiction over this case could easily interfere with California's authority over its own statues[sic], regulatory programs, and public policy." Mot. at 7. However, "where the district court is presented with a case within its original jurisdiction, it has a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon it by the coordinate branches of government and duly invoked by litigants." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (cleaned up). Plaintiff cites no authority extending comity considerations to the exercise of diversity jurisdiction, and other courts have rejected Plaintiff's argument. *See, e.g., Brooks v. Ford Motor Co.*, CV 20-302 DSF (KKx), 2020 WL 2731830, at *5 (C.D. Cal. May 26, 2020) ("Plaintiff's argument that state law claims are necessarily more appropriately heard in state court . . . would eviscerate diversity jurisdiction, which necessarily presumes only state law claims are at issue . . . Song-Beverly claims have been extensively litigated in state and federal courts and federal courts are equally capable of applying state law."). The Court similarly finds Plaintiff's argument unpersuasive.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. The Court declines to rule on Defendants' Motion to Dismiss (Dkt. No. 25).

The Clerk of Court is **ORDERED** to remand this case to the state court from which it was removed.

**IT IS SO ORDERED**.